UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POUPAK BAREKAT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>CANCILLA ENTERPRISES LLC, a Delaware limited liability company, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 8:24-cv-02485-JWH-KES<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF No. 11]** |

Before the Court is the motion of Plaintiff Poupak Barekat to remand this action to Orange County Superior Court.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court **DENIES** the Motion.

## I. BACKGROUND

Barekat, a California resident with physical disabilities, commenced this action against Defendant Cancilla Enterprises, LLC in Orange County Superior Court in October 2024.[3] Barekat asserts two claims for relief: (1) a violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101-12189; and (2) a violation of the Unruh Civil Rights Act, Cal. Civ. Code. §§ 51-53.[4] Both claims arise out of a visit that Barekat made to property owned by Cancilla on October 5, 2024.[5] During that visit, Barekat discovered "[a]n accessible parking area whose slope exceeds [ADA] specifications" and "[a]n access aisle that is inadequately marked."[6] Because of those barriers, Barekat—who "uses mobility aids to safely ambulate"—has been "deterred from patronizing" Cancilla's property.[7]

---

[1] Pl.'s Mot. to Remand Action to Superior Court of California (the "Motion") [ECF No. 11].

[2] The Court has considered the documents of record in this action, including the following papers: (1) Notice of Removal [ECF No. 1]; (2) Compl. (the "Complaint") [ECF No. 1-1]; (3) Motion; (4) Def.'s Opp'n to the Motion (the "Opposition") [ECF No. 14]; and (5) Pl.'s Reply in Support of the Motion [ECF No. 16].

[3] *See generally* Complaint.

[4] *See generally id.*

[5] *See id.* at ¶ 5.

[6] *Id.* at ¶¶ 30 & 31.

[7] *Id.* at ¶¶ 4 & 42.

In November 2024, Cancilla removed this action to federal court on the basis of federal question jurisdiction.[8] Barekat then filed the instant Motion, in which she argues that although her ADA claim arises under federal law, the action must be remanded because she lacks Article III standing.[9]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332.

The right to remove is not absolute, even when original jurisdiction exists. The removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting

---

[8] *See* Notice of Removal.

[9] *See generally* Motion.

the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (quotation marks omitted). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### III.  ANALYSIS

Barekat argues that, although her ADA claim arises under federal law, this action must be remanded to state court because she lacks Article III standing to pursue the ADA claim in federal court.[10] In opposition, Cancilla responds that Barekat has Article III standing and that remanding this action would improperly allow Barekat to circumvent federal jurisdiction.[11]

Before a federal court may exercise jurisdiction over a claim, the plaintiff must demonstrate that she has Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To do so, the plaintiff must establish that she has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal citations and quotation marks omitted). The burden to satisfy the injury-in-fact requirement is particularly demanding for a plaintiff who seeks injunctive relief—such a plaintiff "must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Additionally, the plaintiff

---

[10] *See id.*

[11] *See* Opposition.

must demonstrate that the injury is traceable to the defendant's conduct and that it is "likely" that "the injury will be redressed by a favorable decision." *Id.*

Under the ADA, an individual plaintiff, such as Barekat, may seek only injunctive relief, so, to pursue her claims in federal court, she must demonstrate a "real and immediate" threat of future harm. *Chapman*, 631 F.3d at 946. The Ninth Circuit has recognized two ways that an ADA plaintiff can satisfy that standard. First, a plaintiff can allege that she "intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Id.* at 950. Second, a plaintiff can allege that "discriminatory architectural barriers deter [her] from returning to a noncompliant accommodation." *Id.* Either way, a plaintiff must also "identify[] which barriers [she] had encountered" and explain how those barriers "affected [her] specific disability." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011).

Here, Barekat has not explicitly alleged that she intends to return to Cancilla,[12] and she asserts that the absence of such an allegation deprives the Court of federal jurisdiction.[13] But Barekat also avers that she "is being deterred from patronizing the accommodations provided for public use at [Cancilla] due to [Barekat's] knowledge of the ongoing existence of discriminatory ADA violations."[14] Barekat further alleges that the noncompliant parking space and inadequately marked aisle that she encountered at Cancilla's property affected her because she is "substantially limited in performing one or more major life activities, including but not limited to walking, standing, ambulating, and sitting" and that she "uses mobility aids to safely ambulate, including a cane and

---

[12]    *See generally* Complaint.

[13]    *See generally* Motion.

[14]    Complaint ¶ 42.

Rollator walker."[15] At this stage of the litigation, those allegations satisfy Barekat's burden to establish that she has Article III standing. See *Chapman*, 631 F.3d at 950.

## IV. DISPOSITION

For the foregoing reasons, Barekat's instant Motion to remand [ECF No. 11] is **DENIED**.

**IT IS SO ORDERED.**

Dated:   April 9, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[15] *Id.* at ¶¶ 3 & 4.